# No. 24-1696

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

**DERRICK JACOBS, Appellant,**

**v.**

**CITY OF PHILADELPHIA, et al, Appellees.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(19-CV-4616)

**BRIEF OF APPELLEE TRACY TRIPP**

David Smith, Esquire
Anne Kane, Esquire
Christopher C. Nana-Sinkam, Esquire
DILWORTH PAXSON LLP
1500 Market Street, 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000

*Attorneys for Appellee Tracy Tripp*

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and**
**Statement of Financial Interest**

No. 24-1696

Derrick Jacobs, Plaintiff-Appellant,

v.

City of Philadelphia, et al., Defendants-Appellees

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, **Tracy Tripp**
makes the following disclosure: _____
                                              (Name of Party)

      1) For non-governmental corporate parties please list all parent corporations: not applicable

      2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:
not applicable

      3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:
none

      4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.
not applicable

/s/ David Smith
_____
(Signature of Counsel or Party)

Dated: August 1, 2024
_____

## STATEMENT REGARDING ORAL ARGUMENT

Dilworth Paxson LLP respectfully submits that the underlying record weighs dispositively in favor of affirmance and that this Honorable Court may therefore affirm without oral argument. If, however, this Honorable Court believes it would be helpful, Dilworth Paxson LLP welcomes the opportunity for oral argument to elaborate on the reasons why the United States District Court for the Eastern District of Pennsylvania's order and opinion granting summary judgment in favor of Appellees and against Jacobs should be affirmed, as well as to answer any questions this Honorable Court may have.

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION...........................................................1

COUNTER-STATEMENT OF ISSUES FOR REVIEW........................................1

STATEMENT OF RELATED CASES ....................................................2

STATEMENT OF THE CASE.............................................................2

   A.  Pertinent Factual History ...................................................2

   B.  Pertinent Procedural History ..............................................5

SUMMARY OF ARGUMENT ............................................................7

STANDARD OF REVIEW ...............................................................9

ARGUMENT ............................................................................11

THE DISTRICT COURT CORRECTLY GRANTED  TRIPP'S MOTION FOR
SUMMARY JUDGMENT ..............................................................11

   A.  The District Court Correctly Dismissed Jacobs's Section 1983 Retaliation
      Claim Against Tripp ....................................................11

     1.  Jacobs Suffered No Criminal Prosecution or Retaliatory Action ............12

     2.  Jacobs Was Not Engaged in a Constitutionally Protected Activity...........13

   B.  The District Court Correctly Dismissed Jacobs's Civil Conspiracy Claim
      Against Tripp ............................................................15

     1. The Uncontroverted Evidence in the Record Demonstrates Tripp Played No
       Role in the PPD's Disciplinary Action Taken Against Jacobs ....................15

     2. The Undisputed Evidence in the Record Shows Jacobs Willingly Resigned
       and Was Not Terminated ..............................................17

     3.  Jacobs Did Not Engage in a Constitutionally Protected Activity..............17

   C.  The District Court Correctly Decided Tripp's Actions Were Protected by
      Absolute Immunity ......................................................18

   D.  The District Court Correctly Decided Tripp's Actions Were Protected by
      Qualified Immunity ......................................................19

THE DISTRICT COURT CORRECTLY VIEWED TRIPP'S MOTION FOR
SUMMARY JUDGMENT IN THE LIGHT  MOST FAVORABLE TO JACOBS
IN GRANTING SAME ..................................................................21

THE DISTRICT COURT CORRECTLY DENIED JACOBS'S MOTION FOR
SUMMARY JUDGMENT AGAINST APPELLEE TRIPP ...................................22

i

THE DISTRICT COURT CORRECTLY DISMISSED JACOBS'S WHISTLEBLOWER CLAIM ...................................................................23

A. The District Court Correctly Dismissed Jacobs's Whistleblower Claim Against Tripp as Stale...................................................................23

B. The District Court Correctly Dismissed Jacobs's Whistleblower Claim Against Tripp Because She is not Jacobs's Employer .................................25

THE DISTRICT COURT CORRECTLY DENIED JACOBS'S MOTION FOR RECUSAL ...................................................................................................26

A. The District Court Did not Abuse its Discretion in Denying Jacobs's Motion for Recusal .................................................................................26

THE DISTRICT COURT CORRECTLY DENIED JACOBS'S REQUESTS TO AMEND HIS PLEADINGS ....................................................................................28

A. The District Court Did not Abuse its Discretion in Denying Jacobs's Numerous Requests for Leave to Amend.......................................................28

CONCLUSION ......................................................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)....................................................................10

*Arthur v. Maersk, Inc.*,
  434 F.3d 196 (3d Cir. 2006) ........................................................29

*Azubuko v. Royal*,
  443 F.3d 302 (3d Cir. 2006) ........................................................10

*Baloga v. Pittston Area Sch. Dist.*,
  927 F.3d 742 (3d Cir. 2019) ........................................................11

*Budhun v. Reading Hosp. & Med. Ctr.*,
  765 F.3d 245 (3d Cir. 2014) ........................................................28

*Byrne v. Monmouth County Dept. of Health Care Facilities*,
  372 Fed.Appx. 232 (3d Cir. 2010)................................................21

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)......................................................................9

*Chao v. Cmty. Tr. Co.*,
  474 F.3d 75 (3d Cir. 2007) ..........................................................10

*Crawford-El v. Britton*,
  523 U.S. 574 (1998)....................................................................12

*Cureton v. National Collegiate Athletic Ass'n*,
  252 F.3d 267 (3d Cir. 2001) ........................................................29

*Curly v. Klem*,
  298 F.3d 271 (3d Cir. 2002) ........................................................20

*In re: Dauphin County Fourth Investigating Grand Jury*,
  19 A.3d 491 (Pa. 2011)................................................................14

*Diamond v. Pennsylvania State Education Association*,
  972 F.3d 262 (3d Cir. 2020) ........................................................10

iii

*Douglas Oil Co. of Cal. v. Petrol Stops, N.W.*,
   441 U.S. 211 (1979) ...................................................................14

*EEOC v. City of Long Branch*,
   866 F.3d 93 (3d Cir. 2017) ..........................................................10

*Ellis v. Westinghouse Electric Co., LLC*,
   11 F.4th 221 (3d Cir. 2021) ...........................................................9

*Felker v. Christine*,
   796 F.Supp. 135 (M.D.Pa.), aff'd 983 F.2d 1050 (3d Cir. 1992).......13

*Foglia v. Renal Ventures Mgmt., LLC*,
   754 F.3d 153 (3d Cir. 2014) .........................................................10

*Harvard v. Cesnalis*,
   973 F.3d 190 (3d Cir. 2020) .........................................................15

*Imbler v. Pachtman*,
   424 U.S. 409 (1976)....................................................................18

*James v. A.C. Moore Arts and Crafts Inc./Sbar's Inc.*,
   2022WL327012 (3d Cir. Feb. 3, 2022) ........................................21

*Jones v. Pittsburgh Nat. Cop.*,
   899 F.2d 1350 (3d Cir. 1990) .......................................................26

*Jutrowski v. Township of Riverdale*,
   904 F.3d 280 (3d Cir. 2018) .........................................................15

*Kulwicki v. Dawson*,
   969 F.2d 1454 (3d Cir. 1992) .......................................................18

*Litkey v. United States*,
   510 U.S. 540 (1994)....................................................................27

*Malley v. Briggs*,
   475 U.S. 335 (1986)....................................................................20

*Miami Herald Pub. Co. Div. of Knight-Ridder Newspaper v. Ferre*,
   636 F.Supp. 970 (S.D. Fla. 1985) ................................................13

*O'Rourke v. Commonwealth*,
   778 A.2d 1194 (Pa. 2001) ...............................................23, 24, 25

iv

*Pearson v. Callahan*,
   555 U.S. 223 (2009) ........................................................................19

*Plouffe v. Cevallos*,
   777 Fed.Appx. 594 (3d Cir. 2019) .............................................11, 28

*In re Prudential Ins. Co. of America Sales Practices Litigation*,
   148 F.3d 283 (3d Cir. 1998) ...........................................................26

*Rose v. Bartle*,
   871 F.2d 331 (3d Cir. 1989) ...........................................................18

*Saucier v. Katz*,
   533 U.S. 194 (2001)....................................................................19, 20

*Securacomm Consulting, Inc. v. Securacomm Inc.*,
   224 F.3d 273 (3d Cir. 2000) ...........................................................26

*Matter of Subpoena 2018R00776*,
   947 F.3d 148 (3d Cir. 2020) ...........................................................14

*Thomas v. Indep Twp*,
   463 F.3d 285 (3d Cir. 2006) .....................................................11, 12

*In re: TMI Litig.*,
   193 F.3d 613 (3d Cir. 1999) ...........................................................26

*U.S. v. Sells Eng'g, Inc.*,
   463 U.S. 418 (1983)........................................................................14

*United States v. Miller*,
   624 F.2d 1198 (3d Cir. 1980) .........................................................11

*United States v. Smith*,
   123 F.3d 140 (3d Cir. 1997) ...........................................................14

*Wright v. City of Philadelphia*,
   409 F.3d 595 (3d Cir. 2005) ...........................................................19

**Statutes**

43 P.S. §1423, Whistleblower Law ...........................................23, 24, 25

28 U.S.C. §455.................................................................................2, 26

28 U.S.C. §1291 ..................................................................................1

28 U.S.C. §1331 ..................................................................................1

42 U.S.C. §1983 ...........................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ...............................................................28, 30

Fed. R. Civ. P. 56(c) .......................................................................9, 10

Phila. Charter §§3-206,4-400,5-100 ................................................25

U.S. Const. amend. I .............................................................12, 14, 15

U.S. Const. amend. V...............................................................3, 7, 12

#124310915v4

## STATEMENT OF JURISDICTION

Appellant Derrick Jacobs ("**Jacobs**") invoked the subject-matter jurisdiction of the District Court under 28 U.S.C. §1331. On March 21, 2024, the District Court granted Appellees' Motions for Summary Judgment against Jacobs and denied Jacobs's Motion for Summary Judgment against Appellees, thereby dismissing Jacobs's claims. [App. 3-37]. On April 15, 2024, Jacobs timely filed his Notice of Appeal. [App. 1]. The Third Circuit Court of Appeals has jurisdiction of Jacobs's appeal pursuant to 28 U.S.C. §1291.

## COUNTER-STATEMENT OF ISSUES FOR REVIEW

1.      Whether the District Court correctly granted Appellee Tracy Tripp "(**Tripp**")'s Motion for Summary Judgment against Jacobs where there is no evidence that Tripp initiated a retaliatory action against Jacobs or had any involvement in the Philadelphia Police Department ("**PPD**")'s discipline of Jacobs.

2.      Whether the District Court correctly denied Jacobs's Motion for Summary Judgment against Tripp where there is no evidence to support Jacobs's claims of Section 1983 retaliation and Section 1983 conspiracy.

3.      Whether the District Court correctly dismissed Jacobs's Whistleblower claim against Tripp where the claim was untimely and there was no employer/employee relationship between Jacobs and Tripp.

4.     Whether the District Court properly denied Jacobs's recusal motion under 28 U.S.C. §455 where Jacobs failed to present evidence that would warrant recusal.

5.     Whether the District Court properly denied Jacobs's multiple requests to file a sixth amended complaint where the District Court already permitted Jacobs to file five amended complaints and where unlimited amendments are not an absolute right.

6.     Whether the District Court properly viewed Appellees' Motions for Summary Judgment in the light most favorable to Jacobs as the nonmoving party.

## STATEMENT OF RELATED CASES

Despite Jacobs's penchant for drawing upon and citing to other extraneous cases which do not relate to or concern his claims before the District Court, there are no related cases.

## STATEMENT OF THE CASE

### A.     Pertinent Factual History

Appellee, former Philadelphia assistant district attorney Tracy Tripp, subpoenaed Jacobs to testify before the grand jury investigating the June 8, 2017 officer-involved shooting of David Jones by Philadelphia Police Officer Ryan Pownall regarding the possible leak of confidential grand jury information. [S.A.

651, 13:7-18][1]. Tripp sought Jacobs's testimony because she had been informed by Jacobs's superior, Officer Jason Hendershot ("**Hendershot**"), that Jacobs had conferred with Pownall's counsel immediately before Pownall's counsel made an argument to the court that demonstrated a knowledge of confidential grand jury information Pownall's counsel should not have known. [App. 239:8-21; 244:19-22]. Jacobs appeared with counsel before the grand jury, but refused to testify, invoking his Fifth Amendment right against self-incrimination. [S.A. 685, 149:6-8]. In August 2019, Tripp informed Jacobs that the grand jury investigation concerning the potential leak would not proceed further and was closed. [App. 291:20-292:3]. When asked by Hendershot for a declination memo or a formal withdrawal of charges against Jacobs, Tripp responded that there were no charges against Jacobs and therefore no charges to withdraw. [App. 300:12-301:1].

On January 18, 2020, Jacobs participated in a podcast titled "Search Warrant: Clear and Present Danger," (the "**Podcast**") in which he criticized the Philadelphia District Attorney, Lawrence Krasner ("**Krasner**") and Tripp by referring to them as criminals. [S.A. 832, 31:14-21]. As a result of appearing on the Podcast, levying allegations against City employees, and discussing certain sensitive information relating to ongoing investigations, the PPD commenced an internal disciplinary investigation into Jacobs's actions. [S.A. 474 at ¶91].

---

[1] The abbreviation S.A. shall refer to the Supplemental Appendix included with Appellee Tracy Tripp's Brief. A Motion for Leave to Supplement Appendix is being concurrently filed with this Brief.

There is no evidence that Tripp had any involvement whatsoever in the PPD's disciplinary process. The disciplinary investigation was initiated by officer Dennis Wilson ("**Wilson**"). [S.A. 798, 171:13-16]. On January 27, 2020, Hendershot provided Jacobs with a memorandum notifying him of his pending disciplinary interview. [S.A. 475 at ₱99]. On January 30, 2020, Hendershot met with Jacobs and conducted a disciplinary interview. [*Id.* at ₱106]. Following the interview, Hendershot sent correspondence up the PPD chain of command and recommended disciplinary charges against Jacobs for violation of policies. [App. 374:20-22]. On February 11, 2020, Jacobs was formally charged by the PPD with conduct unbecoming an officer and neglect of duty. [S.A. 476 at ₱115]. There is no evidence of any involvement of Tripp in any of this activity. [S.A. 693, 181:5-12; S.A. 695, 191:15-22].

The only individual responsible for making the decision concerning the charges levied against Jacobs was D.F. Pace ("**Pace**"), the commanding officer of the Police Board of Inquiry ("**PBI**"). [S.A. 851, 106:9-12; S.A. 787, 126:14-127:17]. Wilson, the officer responsible for instituting the disciplinary investigation against Jacobs, testified that he never spoke to Tripp regarding Jacobs's discipline. [S.A. 739, 164:22-23]. Wilson also testified that the discipline against Jacobs was a minor violation and his employment would not have been terminated as a result. [S.A. 735, 145:7-24]. Despite this, Jacobs resigned to avoid any discipline. [S.A. 767, 45:22-

24; S.A. 695, 189:11-14; S.A. 634, 267:19-268:11; S.A. 641, 295:1-2; 296: 24 - S.A. 642, 297:4].

## B.    Pertinent Procedural History

Jacobs commenced this case by filing his complaint in the District Court on October 4, 2019. [App. 43, ECF 1]. Jacobs's initial complaint named the City of Philadelphia, the Office of the District Attorney ("**DAO**"), Krasner, and Tracy Tripp as defendants and generally alleged misconduct against those parties which led to the end of Jacobs's employment with the PPD. [S.A. 448-455]. Thereafter, Jacobs amended his complaint five times. [App. 43-47, ECF 3, 24, 27, 29, 42]. Ultimately, the defendants all filed a Rule 12(b)(6) motion to dismiss Jacobs's claims, which the District Court granted on June 16, 2021. [App. 46, ECF 33, 35, 36]. Jacobs then appealed the dismissal of his claims to this Court. [App. 46, ECF 37]. This Court affirmed in part and reversed in part the order of the District Court dismissing Jacobs's claims, remanding only Jacobs's Section 1983 retaliation claim, Section 1983 conspiracy claim, and Pennsylvania Whistleblower law claim to the District Court. [S.A. 531-544]. In doing so, this Court stated:

> We emphasize the limited nature of our decision. We hold only that Jacobs has plausibly alleged enough to avoid dismissal of some of his claims as to some of the defendants at the pleading stage. We express no opinion on the merits of those claims, the truth of Jacob's factual allegations, or any other matter not specifically addressed herein.

#124310915v4

[S.A. 544].

On remand, the defendants moved to dismiss Jacobs's Pennsylvania Whistleblower claim, which the District Court granted on October 20, 2022. [S.A. 548-565]. After the dismissal of Jacobs's Pennsylvania Whistleblower claim, the only claims remaining against Tripp were Jacobs's Section 1983 retaliation claim and Section 1983 conspiracy claim. The parties engaged in written discovery, depositions, and additional motion practice until late 2023. On December 29, 2023, all remaining parties in the litigation filed motions for summary judgment. [App. 57, ECF 169, 171-173]. Following additional briefing by the parties on their respective motions, the District Court granted defendants' motions for summary judgment, denied Jacobs's motion for summary judgment, and entered judgment in favor of defendants. [App. 3-37].

Jacobs filed his Notice of Appeal on April 15, 2024 in which he appealed only the District Court's March 21, 2024 Order and Opinion granting judgment in favor of Appellees and against Jacobs pursuant to their respective summary judgment motions. [App. 1]. For the reasons set forth herein, Jacobs's appeal should be dismissed and the judgment of the District Court should be affirmed.

#124310915v4

# SUMMARY OF ARGUMENT

Jacobs's remaining Section 1983 retaliation and conspiracy claims against Tripp are based on two supposed facts for which Jacobs has presented absolutely no evidence.

First, Jacobs mistakenly contends that he was subjected to criminal prosecution or had criminal charges levied against him. That contention is not supported by the summary judgment record. No criminal charges were brought against Jacobs. Jacobs was subpoenaed to testify before a grand jury to answer questions about whether he leaked grand jury information to a lawyer engaged to represent Pownall in criminal proceedings arising out of a fatal shooting of a fleeing suspect. Jacobs asserted his Fifth Amendment right against self-incrimination and refused to answer any questions before the grand jury. The act of subpoenaing Jacobs to testify and questioning him before a grand jury does not amount to criminal prosecution or criminal charges against Jacobs and is, in any event, covered by prosecutorial immunity.

Second, Jacobs speculates that Tripp is somehow responsible for the PPD's decision to discipline Jacobs for his participation in a Podcast critical of the DAO, Krasner, and Tripp. However, not a single witness has testified, nor has any document produced in discovery suggested, that Tripp had any involvement in the PPD's discipline of Jacobs. To the contrary, the testimony and evidence in the

7

summary judgment record is that the decision to charge and discipline Jacobs for his participation in the Podcast was made solely by the PPD and that the PPD does not take direction from the DAO concerning the employment or discipline of its officers. For these reasons, the District Court properly granted Tripp's motion for summary judgment and denied Jacobs's motion for summary judgment.

Although Jacobs has appealed only the District Court's Order dismissing his claims against Tripp and the other remaining defendants, he raises a litany of other arguments, all equally without merit:

1.      Jacobs argues the District Court incorrectly dismissed his Pennsylvania Whistleblower claim against Tripp. However, the record clearly indicates that Jacobs's Whistleblower claim was correctly dismissed as to Tripp both because his claim was untimely and because no employer/employee relationship existed between Tripp and Jacobs.

2.      Jacobs also argues that the District Court wrongly denied his multiple requests for recusal. Jacobs confuses rulings on the merits with bias and fails to provide any evidence or testimony to convince a reasonable individual that the District Court exhibited favoritism towards the defendants in the underlying litigation. Jacobs's frustration with the weakness of his case is evident, but this dissatisfaction does not compel the District Court to recuse itself and Jacobs is not entitled to a judge of his choosing.

3.    Jacobs argues that the District Court also erred by denying him the opportunity to file a sixth amended complaint to add additional, irrelevant allegations unrelated to his claims. Jacobs again fails to appreciate that he was permitted by the District Court to file five amended complaints and that infinite amendments are not afforded as of right. Jacobs fails to demonstrate how the District Court, in granting him five opportunities to amend his complaint, abused its discretion in denying leave to file a sixth amended complaint. As the record evidences, no additional amendments could add value to Jacobs's meritless claims. The District Court's ruling here should also be affirmed.

## STANDARD OF REVIEW

This Court exercises plenary review over a grant of a motion for summary judgment, meaning "we review anew the District Court's summary judgment decisions, applying the same standard it must apply." *Ellis v. Westinghouse Electric Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021). A court may grant summary judgment if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *See*, Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a

9

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.*

A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). Summary judgment is granted when there is insufficient record evidence for a reasonable fact finder to find for the nonmovant. *See, Anderson*, 477 U.S. at 252. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Id.*

This Court also reviews a district court's grant of a motion to dismiss for failure to state a claim under a plenary/de novo review standard. *Foglia v. Renal Ventures Mgmt., LLC,* 754 F.3d 153, 154 n.1 (3d Cir. 2014); *Diamond v. Pennsylvania State Education Association*, 972 F.3d 262, 269 (3d Cir. 2020).

This Court reviews a district court's denial of a motion for recusal for abuse of discretion. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). "Abuse of discretion occurs when the 'district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 97-8 (3d Cir. 2017) *citing Chao v. Cmty. Tr. Co.,* 474 F.3d 75, 79 (3d Cir. 2007).

10

Similar to the standard of review for the denial of a motion for recusal, this Court reviews denials of motions for leave to amend using the abuse of discretion standard. *Plouffe v. Cevallos*, 777 Fed.Appx. 594, 601 (3d Cir. 2019); *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980).

## ARGUMENT

## THE DISTRICT COURT CORRECTLY GRANTED  TRIPP'S MOTION FOR SUMMARY JUDGMENT

The District Court correctly granted Tripp's Motion for Summary Judgment. Jacobs presented absolutely no evidence that he was subjected to Section 1983 retaliation from Tripp or that Tripp conspired with the other Appellees to deprive Jacobs of a constitutional right. [App. 3-37].

### A.    The District Court Correctly Dismissed Jacobs's Section 1983 Retaliation Claim Against Tripp

To prevail on a retaliation claim under 42 U.S.C. §1983, a plaintiff must demonstrate: (1) that he was engaged in a constitutionally protected conduct; (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link existed between the constitutionally protected conduct and the retaliatory action. *Baloga v. Pittston Area Sch. Dist.,* 927 F.3d 742, 752 (3d Cir. 2019); *Thomas v. Indep Twp,* 463 F.3d 285, 296 (3d Cir. 2006). With respect to each of these elements, it is the plaintiff who bears the burden of proof by a preponderance of the evidence. *Id.* Once the plaintiff is successful in proving the requisite elements, the burden then shifts to

the defendant to show "that it would have taken the adverse action in the absence of the protected conduct." *Id.* "The key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person or ordinary firmness from exercising his First Amendment rights.'" *Thomas v. Indep Twp.,* 463 F.3d at 296; *see also, Crawford-El v. Britton*, 523 U.S. 574, 589 n.10 (1998) ("The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right."). A review of the relevant record demonstrates the District Court was correct in granting Tripp's Motion for Summary Judgment and dismissing Jacobs's Section 1983 retaliation claim.

### 1.    Jacobs Suffered No Criminal Prosecution or Retaliatory Action

Jacobs's claim that he was criminally prosecuted in retaliation for exercising First Amendment rights fails because Jacobs was not criminally prosecuted. He was subpoenaed to testify before a grand jury about leaking grand jury testimony to the lawyer representing Pownall. A subpoena to testify is not a criminal prosecution and, in any event, there is no First Amendment right to leak confidential grand jury information.

Compelled testimony, whether or not the witness declines to answer based on his invocation of Fifth Amendment rights, is not an initiation of criminal proceedings. "Criminal proceedings are commenced when the filing of an

12

information or indictment based upon a charge decision made by a state attorney or grand jury, or at least an arrest pursuant to a summons or arrest warrant issued by a committing magistrate." *Felker v. Christine*, 796 F.Supp. 135, 141 (M.D.Pa.), aff'd 983 F.2d 1050 (3d Cir. 1992); *see also, Miami Herald Pub. Co. Div. of Knight-Ridder Newspaper v. Ferre*, 636 F.Supp. 970, 977 (S.D. Fla. 1985)(finding no criminal proceedings were initiated because plaintiff was not arrested or indicted, notwithstanding, *inter alia*, the issuance of subpoenas and testimony provided by multiple witnesses).

Jacobs was never subjected to criminal prosecution or retaliated against by Tripp for his potential leak of grand jury information to Pownall's counsel. As the District Cour correctly held in its March 21, 2024 Order, "Tripp had every right to investigate what she believed to be a grand jury leak by calling Jacobs before the grand jury." [App. 25]. Jacobs points to no evidence in the record to dispute this material fact. As a result, the District Court correctly dismissed Jacobs's Section 1983 retaliation claim against Tripp on this basis.

### 2. Jacobs Was Not Engaged in a Constitutionally Protected Activity

The District Court dismissed Jacobs's Section 1983 claim for the additional reason that Jacobs was not engaged in a constitutionally protected activity when he spoke to Pownall's counsel and allegedly leaked grand jury information. [App. 20-21]. The District Court's reasoning here is sound.

It is well-held that the First Amendment does not protect speech that violates grand jury secrecy, as those protections give way to the importance of the secrecy of the grand jury process. *Matter of Subpoena 2018R00776*, 947 F.3d 148, 156-59 (3d Cir. 2020); *United States v. Smith*, 123 F.3d 140, 143-44 (3d Cir. 1997) (denying the press access to briefs and hearings because "there is no presumptive First Amendment or common law right of access to them if secret grand jury material would be disclosed by that access."). The Supreme Court has repeatedly explained the importance of maintaining grand jury secrecy and its critical importance to the proper functioning of criminal proceedings. *Douglas Oil Co. of Cal. v. Petrol Stops, N.W.,* 441 U.S. 211, 218 (1979) ("Among the few limitations to the First Amendment right of access in criminal hearings, none is more important than protecting grand jury secrecy."); *U.S. v. Sells Eng'g, Inc.,* 463 U.S. 418, 423 (1983). "Grand jury secrecy not only prevents preindictment information from influencing witness testimony or discouraging prospective witnesses from coming forward….but it also protects witnesses, grand jurors, and the accused from being subjected to intimidation." *Douglas Oil Co.,* 441 U.S. at 219. Pennsylvania courts similarly recognize the critical importance of grand jury secrecy in state criminal proceedings. *See, In re: Dauphin County Fourth Investigating Grand Jury*, 19 A.3d 491 (Pa. 2011).

Jacobs's argument that he was attempting to report corruption to Pownall's counsel does not save his claim. As discussed above, the leak of grand jury information is not subject to First Amendment protections. The District Court properly dismissed Jacobs's Section 1983 retaliation claim against Tripp when it held he was not engaged in constitutionally protected activity.[2]

## B.    The District Court Correctly Dismissed Jacobs's Civil Conspiracy Claim Against Tripp

A party seeking to prevail on a civil conspiracy claim under Section 1983, a plaintiff must prove persons acting under color of state law reached an understanding to deprive him of his constitutional rights. *Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020); *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 293-294 (3d Cir. 2018). "This requires that the state actors took 'concerted action' based on an 'agreement' to deprive plaintiff of his constitutional rights, and there was an actual underlying constitutional violation of the plaintiff's rights." *Jutrowski*, 904 F.3d at 295.

### 1.    The Uncontroverted Evidence in the Record Demonstrates Tripp Played No Role in the PPD's Disciplinary Action Taken Against Jacobs

There exists no evidence in the record to show that Tripp ever had any involvement in the disciplinary action Jacobs faced from the PPD as a result of his

---

[2] With respect to the final element of a 1983 retaliation claim, the causal link, this element cannot be satisfied where there is no constitutionally protected conduct and no retaliatory action taken by the supposed violator. Jacobs has neither produced nor pointed to any evidence in the record to satisfy this third prong.

participation in the Podcast. For that reason, the dismissal of claims against her should be affirmed.

Jacobs's direct supervisor at the time, Hendershot, testified that after he interviewed Jacobs regarding the Podcast, he believed there was a violation of PPD policy, sent the information up the PPD chain of command, and that the individual responsible for approving charges was the PBI commanding officer, Pace. [S.A. 787, 126:14-127:17]. Hendershot also testified that it was Wilson who initiated the disciplinary investigation into Jacobs following his participation in the Podcast. [S.A. 798, 171:13-16]. Furthermore, when questioned at his deposition regarding whether the DAO would be involved in the removal of police officers, Wilson replied "I don't think that would be something that anyone would really take serious. It seems crazy to me. The DA's office don't decide who we put in our units. [S.A. 707, 35:1-15]. Moreover, Wilson also testified that he has never spoken with Tripp about Jacobs. [S.A. 739, 164:22-23]. Pace testified that the decision concerning the charges levied against Jacobs for his participation in the Podcast were "my decision with respect to my evaluation of the facts of the case." [S.A. 851, 106:9-12]. Finally, Jacobs's own testimony at his deposition revealed he had no facts regarding Tripp's involvement in his disciplinary proceedings aside from what he claims Hendershot relayed to him. [S.A. 693, 181:5-12; S.A. 695, 191:15-22]. Jacob's self-serving, inadmissible hearsay testimony is insufficient to carry his burden. In sum, Jacobs

16

cannot satisfy the requirements of his civil conspiracy claim against Tripp because she had no involvement in the disciplinary action he faced as a result of his participation in the Podcast.

### 2. The Undisputed Evidence in the Record Shows Jacobs Willingly Resigned and Was Not Terminated

It is also undisputed that Jacobs's employment was never terminated by the PPD but that he resigned willingly. There is no documentation or testimony evidencing that Jacobs was terminated or constructively discharged. The summary judgment record shows quite the opposite. The summary judgment record clearly demonstrates that Jacobs voluntarily resigned from the PPD because he did not want to face scrutiny or discipline for his participation in the Podcast. [S.A. 695, 189:11-14; S.A. 767, 45:22-24]. Indeed, Wilson testified at his deposition that Jacobs's participation in the Podcast amounted to a minor violation and that he would not have been terminated for the incident. [S.A. 735, 145:7-24]. Nevertheless, Jacobs elected to resign rather than answer for his participation in the Podcast and inflammatory rhetoric. For this reason as well, Jacobs cannot maintain his conspiracy claim against Tripp.

### 3. Jacobs Did Not Engage in a Constitutionally Protected Activity

As set forth in Section A.2 above, Jacobs did not engage in a constitutionally protected activity when he spoke to Pownall's counsel and allegedly revealed grand

jury information. It follows, therefore, that without an underlying constitutional right to the act performed by Jacobs, there could have been no civil conspiracy or meeting of the minds to deprive him of that non-existent right. Jacobs's civil conspiracy claim also fails for this reason and the judgment of the District Court should be affirmed.

## C.    The District Court Correctly Decided Tripp's Actions Were Protected by Absolute Immunity

Although this Court, in partially affirming the District Court's grant of defendants' initial motion to dismiss, agreed that Tripp was protected by absolute immunity with respect to any actions she took in her official, prosecutorial capacity, Jacobs again challenges Tripp's entitlement to protection from suit under absolute immunity. Unsurprisingly, Jacobs's challenge is without merit.

The Supreme Court has long held that prosecutors "are absolutely immune from liability under Section 1983 for their conduct before grand juries." *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976). Similarly, this Court has also held that "direct solicitation of testimony for use in the grand jury proceedings…are encompassed within the preparation necessary to present a case and therefore are immunized as involving the prosecutor's advocacy function." *Rose v. Bartle*, 871 F.2d 331, 344 (3d Cir. 1989); *see generally Kulwicki v. Dawson,* 969 F.2d 1454 (3d Cir. 1992). Indeed, this protection from suit on account of absolute immunity has been held to apply in scenarios where a grand jury is convened to investigate and recommend charges rather than to indict. *See, Rose,* 871 F.2d at 345.

As set forth throughout this Brief, Tripp acted in her official, prosecutorial capacity by summoning Jacobs to testify before the grand jury in furtherance of her investigation into the leak of grand jury information. In performing an essential function of her job, Tripp's actions were protected from suit and liability under Section 1983 by absolute immunity. To the extent Jacobs takes issue with both this Court and the District Cout's finding Tripp was shielded form liability for actions taken in her official capacity, Jacobs's complaints are without merit. Accordingly, the District Court should be affirmed.

### D. The District Court Correctly Decided Tripp's Actions Were Protected by Qualified Immunity

Any conduct by Tripp not protected by absolute immunity is protected by qualified immunity. Qualified immunity is not a "mere defense to liability," but rather, it is "an immunity from suit." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It is a powerful shield which is designed to protect public officials from "undue interference with their duties and from potentially disabling threats of liability." *Wright v. City of Philadelphia,* 409 F.3d 595, 599 (3d Cir. 2005). Qualified immunity requires a two-step inquiry, beginning with (a) whether a constitutional or federal right has been violated and (b) whether that right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If there is no violation or if the right is not clearly established, then the actor is protected by qualified immunity. *Id.* Importantly, qualified immunity protects "all but the plainly incompetent or those

who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier*, 533 U.S. at 202. Once a party raises qualified immunity, the plaintiff bears the burden of proving (1) that the defendant violated the plaintiff's constitutional right; and (2) that it would have been clear to a reasonable person that the defendant's conduct violated that right. *Curly v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002).

Tripp's response to Jacob's disclosure of grand jury information to Pownall's counsel (subpoenaing him to testify before the grand jury) is protected by absolute immunity. But even if it were not, Jacobs did not have a constitutional right to divulge grand jury information to Pownall's counsel and Tripp did not violate this non-existent right by summoning Jacobs to testify before the grand jury. Jacobs has not produced a scintilla of admissible evidence to demonstrate his constitutional rights were violated as a result of this lawful process. Accordingly, because Jacobs cannot satisfy the first prong set forth in *Saucier*, the District Court correctly concluded that Tripp's actions were protected by qualified immunity.[3]

---

[3] Because Jacobs was not deprived of any constitutional or federal right, Tripp need not address the second prong of the *Saucier* test regarding whether that right was "clearly established."

## THE DISTRICT COURT CORRECTLY VIEWED
## TRIPP'S MOTION FOR SUMMARY JUDGMENT IN THE LIGHT
## MOST FAVORABLE TO JACOBS IN GRANTING SAME

The District Court, in granting Appellee Tripp's Motion for Summary Judgment, properly viewed the facts in the light most favorable to Jacobs when it held Jacobs was never subjected to Section 1983 retaliation from Tripp and Tripp never conspired with the other Appellees to deprive Jacobs of a constitutional right. [App. 3-37].

Although a court looks at facts in the light most favorable to the plaintiff on a defendant's motion for summary judgment, an opponent of summary judgment cannot rely upon unsupported assertions, conclusory allegations, or mere suspicions to create a disputed issue. *Byrne v. Monmouth County Dept. of Health Care Facilities*, 372 Fed.Appx. 232, 234 (3d Cir. 2010) (court held plaintiff's allegations were not supported by any documentation or factual testimony gathering during discovery process and summary judgment was affirmed); *James v. A.C. Moore Arts and Crafts Inc./Sbar's Inc.,* 2022WL327012 at *1 (3d Cir. Feb. 3, 2022) (court affirmed district court's grant of summary judgment where plaintiff relied upon unsubstantiated allegations which failed to establish a dispute as to any material fact).

There is no evidence or testimony in the summary judgment record that Tripp ever retaliated against Jacobs or initiated criminal proceedings against him. Indeed,

the record evidences that Tripp, in her prosecutorial capacity, summoned Jacobs to testify before the grand jury to question him about whether he leaked grand jury information. This act does not evidence retaliation and is, in any event, protected by absolute immunity. Similarly, there is no evidence or testimony in the record that Tripp conspired with the PPD to discipline Jacobs. In fact, the testimony and evidence in the record demonstrates that none of the PPD decision makers responsible for Jacobs's discipline ever communicated with Tripp regarding Jacobs's discipline. Jacobs incorrectly believes that the District Court should have taken his unsupported rhetoric as gospel and therefore, ruled in his favor. However, Jacobs's allegations are just that – unsupported – and it is axiomatic that a nonmoving party cannot defeat summary judgment armed with unsupported assertions, conclusory allegations, or mere suspicions. For the reasons set forth throughout this Brief, the District Court should be affirmed.

## THE DISTRICT COURT CORRECTLY DENIED JACOBS'S MOTION FOR SUMMARY JUDGMENT AGAINST APPELLEE TRIPP

The District Court correctly denied Jacobs's Motion for Summary Judgment against Tripp when it held that there was no material fact in dispute that Jacobs was never subjected to Section 1983 retaliation from Tripp and Tripp never conspired with other Appellees to deprive Jacobs of a constitutional right. [App. 3-37]. For the reasons set forth throughout this Brief, the District Court should be affirmed.

## THE DISTRICT COURT CORRECTLY DISMISSED
## JACOBS'S WHISTLEBLOWER CLAIM

The District Court correctly dismissed Jacobs's Whistleblower claim when it held that Jacobs had filed stale claims and where Jacobs failed to present evidence sufficient to establish liability. [S.A. 548-565]. The order dismissing Jacobs Whistleblower claim has not been appealed. But even if it had been appealed, for the reasons set forth below, the District Court should be affirmed.

### A.    The District Court Correctly Dismissed Jacobs's Whistleblower Claim Against Tripp as Stale

The Pennsylvania Whistleblower Law states that:

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by other employer as defined in this act.

43 P.S. §1423. To establish a prima facie case under the law, a party must show the following: (1) that they made a good faith report of wrongdoing to the employer or an appropriate authority; (2) they experienced an adverse action by their employer; and (3) show that the adverse action they suffered was due to the report. *O'Rourke v. Commonwealth*, 778 A.2d 1194, 1200 (Pa. 2001). Once the party can establish a prima facie case, the burden then shifts to the employer to "provide that it would have taken the same adverse employment action absent the employee's good-faith

23

report of wrongdoing." *Id.* at 1204. Notably, a plaintiff must file their civil action "within 180 days after the occurrence of the alleged violation" to have their claim be considered timely. 43 P.S. §1423.

As a threshold matter, the District Court correctly dismissed Jacobs's Whistleblower claim against Tripp as time barred because Jacobs failed to file his Whistleblower claim within the 180 day period proscribed by 43 P.S. §1423. It is without question that Jacobs filed his initial complaint, which included a Whistleblower claim, with the District Court on October 4, 2019. [App. 43, ECF 1]. Pursuant to Section 1423, any alleged violations of the Whistleblower Law by Tripp would have had to occur no earlier than April 4, 2019 – approximately 180 days prior to the date of the filing of his complaint. However, none of the allegations set forth in Jacobs's initial complaint concerning Tripp were alleged to have occurred after April 4, 2019. [S.A. 452]. Indeed, in Jacobs's Brief, he recounts several actions undertaken by Tripp which he believes are related to his now-dismissed Whistleblower claim. These alleged events, by Jacobs's own accounts, occurred in September and October of 2018 – well before the April 4, 2019 cutoff for Jacobs's claims. [Jacobs's Brief, pg. 29]. The August 1, 2019 event where Tripp allegedly informed Jacobs that the DAO would not proceed with the grand jury leak investigation has no relation to his Whistleblower claim. *Id.* Accordingly, because Jacobs failed to timely file his Whistleblower claim against Tripp pursuant to Section

24

1423, the District Court correctly dismissed his Whistleblower claim as time-barred and its judgment should be affirmed.

### B. The District Court Correctly Dismissed Jacobs's Whistleblower Claim Against Tripp Because She is not Jacobs's Employer

The District Court also correctly held that, even if Jacobs's Whistleblower claim had been timely, it still would fail as to Tripp because she is and was not acting as Jacobs's employer during any of the occurrences alleged by Jacobs.

As previously stated, the second prong a complainant must satisfy is that they were subject to adverse action by their <u>employer</u>. *O'Rourke* 778 A.2d at 1200. It is undisputed that Tripp, as an assistant district attorney, was and is not Jacobs's employer. Jacobs worked for the PPD. He was never employed by the DAO. Furthermore, the DAO does not exert any supervisory authority over the PPD and cannot determine "compensation, terms, conditions, location or privileges of employment" of a Philadelphia police detective. *See*, Phila. Charter §§3-206,4-400,5-100; 43 P.S. §1423. The Whistleblower Law does not apply to parties that are not the employer of the aggrieved party. Accordingly, the District Court correctly dismissed Jacobs's Whistleblower claim against Tripp because she was never Jacobs's employer. The District Court's judgment should, therefore, be affirmed.

## THE DISTRICT COURT CORRECTLY DENIED
## JACOBS'S MOTION FOR RECUSAL

The District Court correctly denied Jacobs's motion for recusal pursuant to 28 U.S.C. §455 where Jacobs failed to present evidence sufficient to require recusal. [S.A. 566-567]. That denial has not been appealed. But even if it had been appealed, the denial was correct.

### A.    The District Court Did not Abuse its Discretion in Denying Jacobs's Motion for Recusal

"A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias….Under §455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283, 343 (3d Cir. 1998). However, this Court has repeatedly recognized that a party's displeasure with legal rulings does not form an adequate basis for recusal. *Securacomm Consulting, Inc. v. Securacomm Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *In re: TMI Litig.,* 193 F.3d 613, 728 (3d Cir. 1999) ("[D]isagreement with a judge's determinations and rulings cannot be equated with the showing required to so reflect on impartiality as to require recusal"); *Jones v. Pittsburgh Nat. Cop.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (Court affirmed district court's denial of recusal where record had no evidence to remotely support a conclusion that reasonable person would doubt district judge's impartiality). Even

our Supreme Court has recognized the high bar for recusal. In *Litkey v. United States*,

the Supreme Court stated:

> [O]pinions formed by the judge on the basis of facts
> introduced or events occurring in the course of the current
> proceedings, do not constitute a basis for a bias or
> partiality motion unless they display a deep-seated
> favoritism or antagonism that would make fair judgment
> impossible.

510 U.S. 540, 555 (1994).

Here, Jacobs's rationale for requesting recusal – his displeasure with the

District Court's rulings – reflects the very type of reasoning this Court has repeatedly

held will not constitute a basis for recusal. Jacobs initially argues that of the

approximate 190 filings in the District Court, the majority of which were filed by

Jacobs, the District Court denied every one of his motions and granted every motion

filed by Appellees. This is patently false. By way of example, and as set forth below,

the District Court permitted Jacobs to file five amended complaints. [App. 43-47,

ECF 3, 24, 27, 29, 42]. Jacobs's dissatisfaction with the District Court's rulings on

the strength of his case does not form the basis for recusal. As the District Court

properly recognized in its April 14, 2023 Order denying Jacobs's request for recusal

"[p]laintiff confuses rulings on the merit with bias." [S.A. 566].

Jacobs seemingly suggests that the District Court acted out of racial bias in

summoning a security guard for an in-person status conference to afford the parties

with protection. However, the District Court directly countered this baseless

27

accusation in its April 14, 2023 Order, stating "[i]t is the Court's practice to have a security officer present at every in-person status conference in the courtroom when there is a party proceeding pro se." [S.A. 566-567]. As the District Court held, "[p]laintiff's request for recusal is totally without merit. He makes a series of accusations of bias against the undersigned. All are unfounded….The undersigned has said or done nothing in this proceeding in which impartiality might be questioned." [S.A. 566]. The District Court did not abuse its discretion when it denied Jacobs's request for recusal and its ruling should be affirmed.

## THE DISTRICT COURT CORRECTLY DENIED JACOBS'S REQUESTS TO AMEND HIS PLEADINGS

The District Court correctly denied Jacobs's multiple requests to amend his pleadings where Jacobs already filed five amended complaints and where the right to amend is not absolute. [S.A. 545-547]. For the reasons set forth below, The District Court should be affirmed.

### A.    The District Court Did not Abuse its Discretion in Denying Jacobs's Numerous Requests for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that after a party has amended its pleading once, a party may amend its pleading "only with the opposing party's written consent or the court's leave," which should be given "when justice so requires." F.R.C.P. 15(a)(2). However, it is well held in this Court that "leave to amend is not an absolute right." *Plouffe v. Cevallos*, 777 Fed.Appx. at 602; *Budhun*

*v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014). A motion for leave to amend a complaint is addressed to the sound discretion of the district court. *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

Jacobs has failed to satisfy the abuse of discretion standard. As has been commonplace during this litigation, Jacobs's argument that the District Court erred relies on baseless and inflammatory allegations. Jacobs filed five amended complaints with the District Court. [App. 43-47, ECF 3, 24, 27, 29, 42]. When the District Court permitted Jacobs to file his fourth amended complaint, it directed that "[p]laintiff shall not file any further amended complaints." [App'x 46, ECF 32]. Despite this directive from the District Court, Jacobs filed a fifth amended complaint following remand from this Court, before then seeking leave to file a sixth amended complaint almost three years after the start of his case. [App. 47, ECF 47].

The District Court denied Jacobs's motion seeking leave to file a sixth amended complaint and in doing so, noted that Jacobs "has exhibited undue delay in seeking leave to amend his complaint." [S.A. 546]. The District Court further held that Jacobs offered no explanation for why he waited almost three years to add those additional allegations, when he learned of them, how they relate to any existing or additional claims, or even what those additional facts were. [S.A. 545-546].

Moreover, Jacobs never obtained written consent from Appellees for permission to file a sixth amended complaint in accordance with F.R.C.P. 15(a)(2). [S.A. 547]. Despite providing Jacobs with this sound reasoning for its denial, Jacobs then proceeded to file six additional motions for leave to file a sixth amended complaint, all of which were denied by the District Court. [App. 47-51, ECF 47, 59, 61, 75, 78, 102].

Jacobs has failed to demonstrate how the District Court erred in holding that Jacobs's undue delay amounts to an abuse of discretion. Jacobs's dissatisfaction with the District Court's rulings does not entitle him to unlimited bites at the apple, nor does it provide evidence of bias. Jacobs has failed to show that the District Court made a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact. The District Court, in its sound discretion, and after affording Jacobs almost three years and numerous amended pleadings, finally invoked its authority to deny Jacobs any future amendments. This does not amount to an abuse of discretion. Accordingly, the District Court correctly denied Jacobs's numerous requests for leave to file a sixth amended complaint and its ruling should be affirmed.

## **CONCLUSION**

For the reasons set forth above, this Court should affirm the district court's well-reasoned order dismissing Jacobs's claims against Appellee Tracy Tripp.

#124310915v4

<u>*/s/ David Smith*</u>
David Smith, Esq. (PA ID 21480)
Anne Kane, Esq. (PA ID 81872)
Christopher Nana-Sinkam, Esq. (PA ID 320189)
DILWORTH PAXSON LLP
1500 Market Street, 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000

*Attorneys for Appellee Tracy Tripp*

31

#124310915v4

## **COMBINED CERTIFICATIONS**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6841 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

This brief complies with Local Appellate Rule 31.1(c) because the text of this electronic brief is identical to the paper copies, and Webroot SecureAnywhere v. 9.0.1.35 has been run on the file of this electronic brief and no virus was detected.

Pursuant to Third Circuit LAR 28.3(d) and 46.1(e), I hereby certify that I am a member of the bar of this Court.

I hereby certify that on July 18, 2024, I electronically filed the foregoing brief for appellee with the Clerk of the Court of the United States Court of Appeals for the Third Circuit by using the CM/ECF System.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 1, 2024                    */s/ David Smith*
                                          David Smith

#124310915v4

## <u>CERTIFICATE OF SERVICE</u>

I, David Smith, hereby certify that on August 1, 2024 a true and correct copy of the foregoing Brief of Appellee Tracy Tripp was served via the Court's ECF System upon all parties and counsel of record in this matter.

<div style="margin-left: 40%;">

/s/ *David Smith*
DILWORTH PAXSON LLP
David Smith, Esq.
Anne Kane, Esq.
Christopher Nana-Sinkam, Esq.
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
P: 215-575-7000 / F: (215) 575-7200
dsmith@dilworthlaw.com
akane@dilworthlaw.com
cns@dilworthlaw.com
*Attorneys for Appellee, Tracy Tripp*

</div>