IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL COMPLAINT NUMBER: 19-CV-4616

COURT OF APPEALS NUMBER 24-1696

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**Derrick Jacobs**
Plaintiff – Appellant

v.

**City of Philadelphia, et al**
Defendants – Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA (2:19-CV-4616)

---

**REPLY TO APPELLEE TRACY TRIPP'S OPPOSITION OF APPELLANT
DERRICK JACOBS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL
APPENDIX**

---

DERRICK JACOBS
PLAINTIFF
PRO SE
PO BOX 1454
BERLIN, MD 21811
derrickjacobs9116@gmail.com

## I. REPLY TO INTRODUCTION

Defendant Tripp ("Tripp," "Defendants"), which has been her custom throughout, has misrepresented the facts. Although Tripp's only opposition are to S.A. 867-877, the opposition is without merit. Although Jacobs ("Jacobs," "Plaintiff") invites this Court to conduct an "extensive" examination of approximately 200 filings in the District Court, he will not continue with the redundancy of duplicating the entire record, especially after almost 900 appendixes, to bring legitimacy to Tripp's frivolous opposition. As the record will reflect, the appendixes Tripp opposed are a part of the record. In most instances, the record reflected multiple entries.

## II. REPLY TO PROCEDURAL BACKGROUND

If the Court accepts Tripp's argument that documents submitted by Jacobs were not "considered" by the District Court, then the defendants, including Tripp, concedes the District Court committed legal error. The defendants stated "five of those documents, bates stamped Supp. App. 867-877, were not submitted to the court below in connection with the summary judgment motions (the "Documents") and, therefore, *were not considered by the District Court*" when deciding those motions." [*ECF 35, page 2*]. The defendants' argument stated the District Court did not consider the documents submitted by the plaintiff. The defendants' argument concedes the District Court did not as required "must accept as true "all" allegations in the complaint and draw "all" reasonable inferences from them in the light most favorable to the non moving party." *Rocks, 868 F.2d at 645*. The below argument confirms the documents were a part of the record and according to the defendants' argument "not considered" by the District Court.

## III. REPLY ARGUMENT

*Supplemental Appendix 867-869*: As the defendants indicated are text messages between Jacobs and attorney Greg Pagano ("Pagano"). The defendants erroneously indicated Pagano was an attorney representing Officer Pownall. Pagano was not representing Officer Pownall. Pagano was hired by the Fraternal Order of Police ("FOP") to represent Jacobs. The defendants also erroneously indicated the text messages showed Jacobs wanted to know if Pagano memorialized his conversations with Jacobs. The text messages showed Jacobs wanted to know if Pagano memorialized his conversations with defendant Tripp threatening to chill Jacobs' speech. The defendants also erroneously indicated the Pagano (an attorney) did not provide a substantive answer. Pagano did provide substantive answer, indicating he would "check his (Jacobs) file" to see if the "threats" to chill Jacobs' speech was memorialized. Pagano confirmed the threats to chill Jacobs' speech by Tripp did occur. These documents were presented and attached during the depositions of the defendants which they abruptly terminated on numerous occasions in violation of EDPA precedent *see Hall v. Clifton Precison (1993). [see 19-cv-4616, ECF 179-2, page 205, lines 13-24]*. Further these documents were argued and disregarded during the October 4, 2023 conference, which the District Court failed to conduct an evidentiary hearing for the record before issuing an Order contrary to the conference topics.

*Supplemental Appendix 870-872:* The defendants' argue no conspiracy exists and the documents do not relate to Tripp specifically. The defendants' also argue S.A. 872 shows an email chain forwarding an older email that is not visible. This is an erroneous argument. First the text messages between Jacobs' Commanding Officer and Jacobs are regarding an email sent to Philadelphia Police Commissioner Danielle Outlaw. *See 19-cv-4616, document 42-7.* This March 6, 2020 memorandum addresses the conspiracy *[see documents 19-cv-4616, 42-6, 42-7,*

*42-8, and 42-9]* of criminal activity between Wilson, Tripp, and Krasner against Jacobs. Wilson violated Philadelphia Police Department policy and stole Jacobs' memorandum(s) (intentionally destroyed evidence) and forwarded the "current" email to Krasner and Tripp through their attorney, Kia Ghee. Furthermore, this email was a part of the record on multiple occasions. *See 19-cv-4616, documents 75-10, 78-9, 93-1, and 93-10.* The defendants alleged the District Court, once again, did not consider "facts" in the record by the non-moving party. The defendants considered the facts as Jacobs' "self-serving perception." The defendants also alleged Jacobs' genuine material facts have been "contradicted." Jacobs would argue the defendants have not presented a single contradictory fact supported by evidence into the record, not one. *Emphasis added.*

***Supplemental Appendix 873-877:*** Although the plaintiff did not observe specific opposition to these documents by the defendants, the plaintiff would submit the documents are also a part of the record. *See 19-cv-4616, documents 42-6, 75-5, 78-5, and 93-5.*

**Remanding the case to the District Court for consideration of the additional material:** As stated above, the defendants' conceded the District Court's abuse of discretion by not considering the materially factual documents submitted by Jacobs. In stark contrast the District Court also abused its discretion by accepting intentional deceptions on the District Court by the defendants to issue sanctions [ECF 154] against the plaintiff. After multiple violations of the FRCP regarding discovery; *see Hall v. Clifton Precision EDPA (1993)* the District Court held a "conference" on October 4, 2023. Instead of conducting an evidentiary hearing that would prove the defendants' deceptions, the District Court accepted hearsay, upon hearsay testimony from the defendants. The proof the deceptions were intentional, David Smith (counsel for Tripp) did not attend the conference. John Gonzales (attorney for Hendershot, Wilson, and Pace) represented to the District Court that

he "heard" (hearsay) from David Smith who "heard" (hearsay) from an "unknown" person at the Philadelphia District Attorney's Office ("DAO") that **Police Officer Ryan Pownall** was still a defendant in an ongoing criminal investigation for the Officer Involved Shooting ("OIS") of David Jones. After the plaintiff presented factual evidence [*App 439-446*] the Court disregarded the plaintiff's facts for hearsay testimony, which has been a constant pattern and practice of the District Court. *Note: "former" has been removed from Police Officer Ryan Pownall because he has been reinstated to the Philadelphia Police Department.* Another instance, is Jacobs serving subpoenas to Nicole Morris who was listed as counsel for the defendants and agreed to accept service of their behalf during the rule 16 conference on November 21, 2022. *See ECF 138-1*. The District Court denied Jacobs motion and ruled the subpoenas not properly served [*ECF 132*], this was "after" Nicole Morris filed a motion to quash one of the subpoenas [*ECF 131*]. *Note: ECF 132 is where the District Court made the statement Asa Khalif appears "unaffiliated" with the DAO.* Finally, the District Court violated its own Motions Practice in abusing its discretion in favor of the defendants. *See ECF 68, page 2*. On January 12, 2024, Jacobs filed his response to the defendants' motion for summary judgment *ECF 179*. On January 23, 2024 (11 days later) the defendants filed their reply [*ECF 182*], in violation of the District Court's Motions Practice. On January 29, 2024, Jacobs filed a motion to strike defendants' reply citing the District Court's Motions Practice [*ECF 183*]. On January 31, 2024, the District Court, without explanation, denied Jacobs' motion to strike. The plaintiff only cites a few instances in the record not accompanied by an appendix. This complaint is replete with legal errors, biases, and abuses of discretion by the District Court in favor of the defendants. The plaintiff cannot submit an appendix for every instance. The record is clear and the defendants' filings are not supported by facts.

## IV. <u>REPLY CONCLUSION</u>

The defendants' frivolous and unsupported opposition to Supplemental Appendixes 867-877 should be denied. The defendants' argument is once again not supported by the facts in the record and therefore should be denied. This has been a pattern and practice of the defense since the complaint was initiated. The defendants attempts to harass, annoy, and outlast the pro se plaintiff will be defended with the facts and truth in every instance. For all of the foregoing reasons listed above, the defendants' opposition of the plaintiff's supplemental appendixes 867-877 should be denied.

DERRICK JACOBS
PLAINTIFF
PRO SE
PO BOX 1454
BERLIN, MD 21811
derrickjacobs9116@gmail.com

September 18, 2024

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy, according to the Federal Rules of Appellate Procedure was sent via ECF/email upon the parties on the date shown below,

Date: September 18, 2024

_____
Derrick Jacobs,
Plaintiff
Pro se