**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1696
_____

DERRICK U. JACOBS,
                  Appellant

v.

CITY OF PHILADELPHIA; PHILADELPHIA DISTRICT ATTORNEY'S OFFICE;
LAWRENCE S. KRASNER; TRACY TRIPP, Assistant District Attorney, In Her
Official and Individual Capacity; LIEUTENANT JASON HENDERSHOT, In His
Official Individual Capacity; INSPECTOR D F PACE, In His Official and Individual
|Capacity; DENNIS WILSON, In His Official and Individual Capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-04616)
District Judge: Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 12, 2025

Before: BIBAS, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: February 20, 2025)

_____

---

OPINION[*]

---

PER CURIAM

Derrick Jacobs appeals the District Court's order granting Appellees' motions for summary judgment and denying his motion for summary judgment. For the reasons that follow, we will affirm the District Court's judgment.

The procedural history of this case and the details of Jacobs's claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, Jacobs was a detective assigned to the Officer Involved Shooting Investigation unit ("OISI") of the Philadelphia Police Department and investigated a shooting involving Officer Ryan Pownall. Jacobs disagreed with Appellee Assistant District Attorney Tracy Tripp's presentation of the shooting to a grand jury. The grand jury recommended that charges be brought against Pownall, and during a later "bypass" hearing, his lawyers made comments which led Tripp to believe that an OISI detective had leaked grand jury information.

Jacobs asserted that on the day of the bypass hearing, he consulted with an attorney in an attempt to report acts of corruption and criminality. Jacobs admitted that he was present in the building on the day of the hearing and that no one knows what he said to Pownall's attorney. Jacobs was called before the Pownall grand jury and was questioned on

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

whether he spoke to Pownall's attorney. Jacobs invoked his Fifth Amendment privilege against self-incrimination. Jacobs was never arrested, charged, or indicted.

Jacobs later participated in a podcast and made statements about the OISI unit and his work on the Pownall shooting. He criticized Tripp and accused her of being corrupt and providing false information to the grand jury. As a result, Jacobs was charged with violating the Philadelphia Police Department's Disciplinary Code. He retired before a hearing on the charges was held.

Jacobs filed a civil rights complaint, and after two appeals and remands, four claims remained: two claims of retaliation for exercising his First Amendment rights, a § 1983 conspiracy claim, and a state-law whistleblower claim. *See Jacobs v. City of Philadelphia*, 836 F. App'x 120, 122–23 (3d Cir. 2020); *Jacobs v. City of Philadelphia*, No. 21-2314, 2022 WL 1772989, at *3, *5–6 (3d Cir. June 1, 2022). On Appellees' motion, the District Court dismissed the whistleblower claims. Appellees and Jacobs then filed motions for summary judgment. The District Court granted Appellees' motions for summary judgment and denied Jacobs's motion. Jacobs filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

<u>First Amendment retaliation claim against Tripp</u>

To support his claim of retaliation, Jacobs needed to show (1) that he engaged in conduct that was constitutionally protected, (2) that Tripp took action sufficient to deter an ordinary person from engaging in the conduct, and (3) a causal connection between the two. *See Palardy v. Township of Millburn*, 906 F.3d 76, 80–81 (3d Cir. 2018). Jacobs contended that Tripp prosecuted him after learning that he had spoken with an attorney about exposing corruption. The District Court noted that the First Amendment does not protect speech that violates grand jury secrecy and that Tripp had a good faith reason to believe that Jacobs had made statements to Pownall's attorney that violated grand jury secrecy. It also observed that there was no evidence of retaliation and that Jacobs was never prosecuted.[1]

In his brief, Jacobs focuses on whether there was a grand jury leak and rails against alleged corruption in the District Attorney's Office; he does not, however, challenge the

---

[1] The District Court determined that Jacobs had submitted no evidence supporting his assertion that Tripp had threatened to arrest all the members of the OISI if Appellee Hendershot, Jacob's supervisor, did not identify the grand jury leaker. Nor was there evidence in the record that she requested that Hendershot gather information on what Jacobs had told Pownall's counsel. And, the District Court concluded, Tripp's asking Hendershot if a member of OISI had leaked information to Pownall's counsel would not deter a person of ordinary firmness from seeking legal advice. While Tripp did summon Jacobs before the grand jury, the District Court believed that this did not constitute retaliation because she had a good faith belief that Jacobs violated the secrecy of the grand jury and such conduct would not be protected under the First Amendment.

District Court's dispositive conclusion that there was no evidence of retaliation. Thus, we will not disturb the District Court's grant of summary judgment on this claim.[2]

Jacobs also contends that the District Court erred in not allowing him to amend this claim based on new evidence. He asserts that an investigation into the practices of the District Attorney's Office found that a unit of the office had misled a court in an unrelated case. Jacobs suggests that this is an example of the corruption he was trying to expose. This evidence, however, does not undermine the District Court's conclusion that Tripp's actions did not constitute retaliation.

First Amendment retaliation claim against Police Appellees

We now turn to Jacobs's First Amendment retaliation claim against the Philadelphia Police Appellees. Jacobs asserted that these Appellees retaliated against him for his statements during the podcast by bringing disciplinary charges against him. In granting summary judgment to Appellees on this claim, the District Court described the sensitive information that Jacobs revealed and how he did not have permission to disclose it. The District Court concluded that Jacobs's statements during the podcast were not protected speech. In

---

[2] Jacobs argues that the District Court erred in granting summary judgment on a malicious prosecution claim. We have already affirmed the dismissal of his malicious prosecution claim. *See Jacobs*, 836 F. App'x at 122–23. To the extent that Jacobs is trying to argue that Tripp brought false charges against him as retaliation, we have already determined that she was entitled to absolute prosecutorial immunity. *See Jacobs*, 2022 WL 1772989, at *2 ("That [immunity] ruling was correct as to Jacobs's allegations that Tripp acted wrongfully in her prosecutorial capacity, including by bringing false charges and supporting them with false and illegally obtained evidence. That is so even if, as Jacobs alleges, those actions were retaliatory, malicious, and unsupported by probable cause." (citations omitted)).

5

addition, the District Court concluded that, even if the speech were protected, Jacobs did not suffer retaliation because he retired before the disciplinary charges went to a hearing.

On appeal, Jacobs argues that his situation is similar to the plaintiff in *Javitz v. County of Luzerne*, 940 F.3d 858 (3d Cir. 2019). In *Javitz*, we addressed whether a public employee was speaking as a private citizen or pursuant to her official job duties. *Id.* at 867. Here, however, the District Court's disposition of this claim did not turn on whether Jacobs spoke as a public citizen. Rather, the District Court determined that his speech was not protected because it seriously undermined the working relationship between himself, his superiors, and the District Attorney's Office. Thus, the Appellees' interest in restricting the speech outweighed Jacobs's interest in speaking. *See Pickering v. Bd of Educ.*, 391 U.S. 563, 570 n.3 (1968); *Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 472 (3d Cir. 2015), as amended (Oct. 25, 2019). In his brief, Jacobs does not challenge the District Court's dispositive determination that his speech was not protected because of its disruptive nature. Accordingly, we will not disturb the District Court's grant of summary judgment on this claim.

Conspiracy claim

While Jacobs argues that the District Court erred in dismissing his conspiracy claim, he merely refers to the rest of his brief. We do not consider undeveloped arguments. *See Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 145–46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."); *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").

Dismissal of claims against the City of Philadelphia

Jacobs contends that the District Court erred in dismissing the claims against the City of Philadelphia because District Attorney Larry Krasner had knowledge of the purported criminal activity against Jacobs. We have already concluded that, with respect to Jacobs's § 1983 claims, Jacobs had not alleged any facts plausibly suggesting that Krasner was personally involved. *See Jacobs*, 2022 WL 1772989, at *3 n.7. And, as discussed below, Jacobs's whistleblower claims against Krasner were properly dismissed by the District Court.

Recusal

Jacobs also argues that the District Court erred in refusing to recuse. We review the District Court's decision to not recuse itself for an abuse of discretion. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Jacobs discusses at length several rulings the District Court made that were not in his favor. Jacobs's dissatisfaction with the District Court's legal rulings against him, however, is not a sufficient reason for

7

recusal. *Id.* ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").

The only allegation not based on a legal ruling is Jacobs's assertion that the District Court "called security" on him during an in-person conference. Appellant's Br. at 17–18. In denying Jacobs's motion for recusal, the District Court explained that it is its practice to have a security officer present for in-person conferences when there is a party proceeding pro se. Jacobs has not shown that the District Court abused its discretion in refusing to recuse.

Whistleblower claims

Jacobs contends that the District Court erred in dismissing as untimely his claims brought pursuant to the Pennsylvania Whistleblower Law. Jacobs admits that the statute of limitations for his whistleblower claim is 180 days. He argues that the statute of limitations should run from the date that Tripp informed Jacobs that he would not be charged in connection with the alleged grand jury leak. Jacobs, however, conflates the statute of limitations for a Pennsylvania whistleblower claim, which runs from the date of the alleged violation, *see* 43 P.S. § 1424(a), with a federal § 1983 claim for malicious prosecution, the statute of limitations for which would run from when the criminal proceedings end in the plaintiff's favor. *See Coello v. DiLeo*, 43 F.4th 346, 355 (3d Cir. 2022). Here, the date of the last alleged *violation* by Tripp and Krasner was October 16, 2018, *see* Appellant's Br. at 29, which is more than 180 days before Jacobs filed his whistleblower claim in October 2019. Moreover, the District Court also dismissed the whistleblower claims against Tripp and Krasner because they were not Jacobs's employer as required by the statute. *See* 43 Pa.

8

Stat. and Cons. Stat. Ann. § 1423(a) (West 2024) ("No employer may discharge, threaten or otherwise discriminate or retaliate against an employee . . . ."). Jacobs does not challenge this independently dispositive conclusion.[3]

For the above reasons, we will affirm the District Court's judgment.[4] Jacobs's motions to file a supplemental appendix and supplemental brief are granted and his request for oral argument is denied.

---

[3] While Jacobs asserts that the District Court erred in dismissing his whistleblower claims as time barred as to all defendants, he does not specifically challenge the dismissal of his whistleblower claims against the Police Appellees.

[4] Jacobs challenges the District Court's granting Tripp immunity. However, because we will affirm the judgment for Tripp on Jacobs's claims against her, we need not address whether Tripp was entitled to any immunity.